## MEMORANDUM DECISIONS.

A. B. BARR & CO., Respondent, v. DU-MONT, Appellant. (Supreme Court, Appellate Division, Second Department. March 5, 1909.) Action by· A. B. Barr & Co. against Pierre D. Dumont. No opinion. Judgment and order affirmed, with costs.

ACKERMAN v. BERRIMAN. (Supreme Court, Appellate Division, First Department. March 26, 1909.) Action by Adolph L. Ackerman against Matthew C. Berriman. No opinion. Motion denied, with $10 costs. Settle order on notice.

ADLER v. PHILIP & WM. EBLING BREWING CO. (Supreme Court, Appellate Division, First Department. February 26, 1909.) Action by Philip Adler against the Philip & Wm. Ebling Brewing Company. No opinion. Motion granted, with $10 costs. Order filed.

ADLIN v. EXCELSIOR BRICK CO. OF HAVERSTRAW et al. (Supreme Court, Appellate Division, Second Department. March 12, 1909.) Action by Minnie Adlin, as administratrix, etc., of Elimelech Adlin, deceased, against the Excelsior Brick Company, of Haverstraw, N. Y. No opinion. Motion for reargument as to the defendants Everett Fowler and Lucien Washburn granted, and case set down for Tuesday, April 20, 1909.

ADRIANCE, ·PLATT & CO., Appellant, v. LEHIGH VALLEY R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 27, 1909.) Action by Adriance, Platt & Co. against the Lehigh Valley Railroad Company. No opinion. Order affirmed, with $10 costs and disbursements.

In re AHEARN. (Supreme Court, Appellate Division, First Department. February 11, 1909.) In the matter of Frank T. Ahearn. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

AITKEN, Appellant, v. YOUNG, Respondent. (Supreme Court, Appellate Division, First Department. February 5, 1909.) Action by John Aitken, individually, etc., against Charles H. Young, as executor. G. R. Westerfield, for appellant. A. Ritchie, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

AKER v. BROOKLYN DAILY EAGLE. (Supreme Court, Appellate Division, First Department. March 26, 1909.) Action by Evender S. Aker against the Brooklyn Daily Eagle. No opinion. Motion denied, with $10 costs. Order filed.

ALTERSOHN v. TENZER. (Supreme Court, Appellate Division, First Department. March 5, 1909.) Appeal from Special Term, New York County. Action by Abe Altersohn against Michael Tenzer. From an order of the Special Term opening a default, plaintiff appeals. Modified and affirmed. J. Leon Brandmarker, for appellant. Benjamin Reass, for respondent.

PER CURIAM. The order should be modified, by requiring the defendant, as a condition of opening the default, to pay all the costs in the action, to be taxed, in addition to the sheriff's fees, and, as so modified, affirmed, with $10 costs and disbursements to the appellant.

AMERICAN MFG. CO., Appellant, v. CITY OF NEW YORK et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 5, 1909.) Action by the American Manufacturing Company against the city of New York, and John J. O'Brien, as commissioner of water supply, gas, and electricity of the city of New York. No opinion. Motion for stay granted, without costs. Settle order before Mr. Justice BURR.

AMPERSAND HOTEL CO. v. HOME INS. CO. et al. (Supreme Court, Trial Term, Franklin County. January, 1909.) Action by the Ampersand Hotel Company against the Home Insurance Company and another. Judgment for plaintiff. Reversed on appeal. See 115 N. Y. Supp. 480. William B. Ellison and Arnold L. Davis, for plaintiff. Hartwell Cabell, for defendant Home Ins. Co.

McLAUGHLIN, J. This action is brought to recover on a policy of fire insurance issued by the defendant Home Insurance Company to the plaintiff, and was tried by the court; a jury having been waived. It is conceded that the property insured was destroyed by fire within the life of the policy, and that proofs of loss were duly served upon, and have been retained by, the insurance company. The complaint alleges that by the terms of the policy the loss was payable to the defendant Mutual Life Insurance Company of New York, mortgagee, as its interest might appear, and that it refused to join with the plaintiff in bringing the action, and for that reason it was made a party defendant. The indorsement on the policy was "Loss, if any, payable to the Mutual Life Insurance Company of New York, mortgagee of the insured property." The first question presented is whether the plaintiff can in any event, maintain this action. It has been held that under a similar clause a mortgagee